IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **DAVID WAYNE FRERET** | § | **PLAINTIFF** |
| | § | |
| v. | § | **CAUSE NO. 1:03cv655** |
| | § | |
| **JOHN M. NICHOLS, and** | § | |
| **THE UNITED STATES OF AMERICA** | § | **DEFENDANTS** |

FINDINGS OF FACT AND CONCLUSIONS OF LAW
PURSUANT TO FED. R. CIV. P. 52(a)

On January 30, 2006, this action was tried before the Court without a jury.[1] The parties having rested and the evidence having been closed, the Court makes the following findings of fact and separately states its conclusions of law thereon pursuant to FED. R. CIV. P. 52(a).

I. Findings of Fact

This action arises from a motor vehicle collision involving David Wayne Freret and John M. Nichols. The undisputed evidence adduced at trial shows that on June 21, 2002, at approximately 12:15 p.m, Freret, an off-duty employee of the United States Postal Service, was driving his 1997 Dodge pick-up truck with a flatbed trailer in tow east on Mage Road in rural Stone County, Mississippi. Freret's 13 year old son James was a passenger in the truck. Mage Road was a two lane dirt road with a gravel surface. It dead-ended at Freret's home. The evidence also establishes that as the Frerets traveled east on Mage Road at an approximate speed of 8 to 10 miles per hour, they approached a curve that turned sharply to their left. The curve, almost a 90 degree angle, also had a slight downhill grade. Upon entering the curve, Freret's view of traffic approaching from the opposite direction was obstructed by an embankment and vegetation located along the

---

[1] Plaintiff's claim against John M. Nichols was dismissed with prejudice prior to trial.

inside shoulder of the curve. As Freret was proceeding through the curve, Nichols, a rural route carrier employed with the United States Postal Service, was entering the same curve from the opposite direction, also traveling at an approximate speed of 8 to 10 miles per hour. He had just completed delivering mail on Mage Road, which was part of his daily route, and was in the process of leaving Mage Road in order to make deliveries elsewhere. Nichols was driving a 1997 Jeep Cherokee. Like Freret, Nichols's view of oncoming traffic was blocked by the embankment and vegetation located along the inside shoulder of the curve. Finally, the undisputed evidence shows that as Nichols entered the curve, the left front of his Jeep came into contact with the left front portion of Freret's truck. Neither party saw the other's approaching vehicle until a second or two before impact. Both vehicles sustained damage to their left front areas, including damage to the radiator of Nichols's Jeep sufficient to cause it to leak coolant onto the road. Immediately after the collision Nichols asked Freret if he had been injured, to which Freret stated that he had not. Nichols then contacted the Perkinston, Mississippi Postmaster who, along with the Wiggins, Mississippi Postmaster, arrived at the accident scene approximately 30 minutes after the collision. They jointly investigated the accident and, as part of that investigation, took 14 color photographs of the accident scene, which the parties jointly offered into evidence at trial as exhibits G-2 through G-15. The accident was also investigated by Captain Phyllis Olds of the Stone County Sheriff's Department. Captain Olds did not issue any citations. She did prepare an accident report, which the parties jointly offered into evidence at trial as exhibit G-1. According to Captain Olds, the speed limit on Mage Road at the time of the accident was

45 miles per hour.  The reported estimated speeds of the parties at the time of impact, again according to Captain Olds, were between 10 and 15 miles per hour.

Each party testified that immediately prior to the collision his vehicle was within his lane of travel and that the other party's vehicle crossed the center of the road to cause the accident.  On this point Freret testified that as he proceeded through the curve he kept his truck and trailer to the far right side of the gravel surface of the road and that as he rounded the curve he encountered Nichols's Jeep, which he claims was in the middle of the road.  He further testified that when the vehicles collided Nichols's Jeep was pushed 1 to 2 feet in the direction of the embankment, bringing it to rest in the location shown in exhibits G-2, G-5, and G-10 through G-12.  He also testified that immediately after the collision he backed his truck and trailer up a distance of 2 to 5 feet from the point of impact, bringing them to rest in the location shown in exhibits G-1 through G-4 and G-7 through G-9.  Nichols, on the other hand, testified that as he entered the curve his Jeep was within his lane of travel, with the right wheels being approximately 18 inches from the embankment.  According to Nichols, as he entered the curve Freret's truck suddenly appeared in front of him on his (Nichols's) side of the road, apparently cutting across the curve.  Nichols stated that the left front of Freret's truck struck the left front of his Jeep at a glancing angle, pushing the front of the Jeep approximately 1 to 2 feet towards the center of the road and causing it to come to rest in the skewed position shown in exhibits G-5, G-6, G-10, and G-11.  Nichols finally testified that following the collision Freret backed up his truck and trailer approximately 10 feet to the location shown in exhibits G-1 through G-4 and G-7 through G-9.  The parties naturally disagree regarding fault with

each driver contending that the other was in wrong lane of traffic at the time of the collision.

## II.  Conclusions of Law

This is a personal injury action against the United States of America under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680.  In such actions, the law to be applied by the Court is the law of the place where the alleged negligence occurred. *Richards v. United States*, 369 U.S. 1 (1962).  The collision occurred in Stone County, Mississippi, thus Mississippi substantive law applies.

Under Mississippi law, to recover in a negligence action, a plaintiff has the burden of proof to show from a preponderance of the evidence that the defendant had a legal duty, that the legal duty was breached by the defendant's failure to conform to the required standard of care, that the defendant's breach proximately caused an injury to the plaintiff and that damage to the plaintiff resulted. *Phillips ex rel. Phillips v. Hull,* 516 So.2d 488, 491 (Miss.1987); *see also Little v. Miller*, 909 So.2d 1256, 1259 (Miss. Ct. App. 2005)(citing *Foster by Foster v. Bass*, 575 So.2d 967, 972 (Miss. 1990)).  Mere proof of the collision does not establish negligence on the part of the defendant driver. *Hebert v. Lenart*  247 Miss. 494, 505, 153 So.2d 658, 662 (Miss.1963).

The Court has carefully considered the conflicting testimonies of the witnesses as to how the accident occurred.  The Court has also carefully examined the 14 photographs of the accident scene.  The Court finds that Nichols's version of the accident is more credible because it is consistent with the photographs of the accident scene.  It appears more likely from the photographs that Nichols's Jeep was at the far right side of the road when it was hit by Freret, causing the front of the Jeep to be moved to the left.  The

-5-

photographs of Freret's truck and trailer show them in a position that makes it much less likely that Freret was at the far right side of his lane at the time of the collision. The Court is therefore compelled to find that Plaintiff has failed to establish by a preponderance of the evidence that the proximate cause of the accident was the negligence of Freret.  Accordingly, the Court concludes that the United States is entitled to a judgment in its favor dismissing Freret's action with prejudice. A final judgment in accordance with these findings of fact and conclusions of law shall issue.

**SO ORDERED AND ADJUDGED** this the 23th day of February, 2006.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE